**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHNATHAN HOUGH,** : | |
| : | |
| Petitioner : | |
| : | **CIVIL NO. 3:CV-12-1705** |
| v. : | |
| : | **(Judge Caputo)** |
| **BOP DIRECTOR CHARLES** : | |
| **SAMUELS,** *et al.*, : | |
| : | |
| Respondents | |

**M E M O R A N D U M**

**I.   Introduction**

Johnathan Hough has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He is challenging two prison disciplinary proceedings conducted while he was housed at the Federal Correctional Institution in Manchester, Kentucky (FCI-Manchester).  As a result of these proceedings, he lost 54 days good conduct time and forfeited 120 days of non-vested good conduct time.  At the time he filed his petition for writ of habeas corpus, Mr. Hough was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania (USP-Lewisburg).

The court will dismiss the petition as moot because Mr. Hough has been released from confinement and any relief by way of habeas is no longer available.

## II.      Background

Mr. Hough challenges two related disciplinary proceedings stemming from a December 31, 2010, incident at FCI-Manchester.  On January 1, 2011, Mr. Hough was issued incident report 2107219 charging him with Use of Intoxicants, in violation of Code 222.  On January 3, 2011, Mr. Hough was issued incident report 2107222 charging him with Attempt to Assault any Person, in violation of Code 224A; Refusing to Obey an Order, in violation of Code 307; and Insolence, in violation of Code 312.  (Doc. 10.)  On January 10, 2011, Mr. Hough was provided with a hearing in front of the Disciplinary Hearing Officer.  (*Id.*)  Mr. Hough was found guilty of all aforementioned charges resulting in the loss of 54 days good conduct time and forfeited 120 days of non-vested good conduct time.

Respondent notes that Mr. Hough's projected release date was October 4, 2014, via good conduct release.  (Doc. 9.)  A review of the Bureau of Prisons' website reveals that Mr. Hough was released from the Bureau of Prisons (BOP) on October 3, 2014, at the expiration of his sentence of confinement.  *See* www.bop.gov, Inmate Locator.

## III.     Discussion

Federal habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence."  *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-43 (3d Cir. 2005).  Habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of

-2-

detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982).

The relevant inquiry in such a scenario becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Rendell v. Rumsfeld*, 484 F.3d 236, 240-241 (3d Cir. 2007). The crucial issue is whether the petitioner can demonstrate the existence of collateral consequences, i.e., "some concrete and continuing injury other than the now-ended incarceration or parole." *Spencer*, 523 U.S. at 7, 118 S.Ct. at 983. This means that, throughout the litigation, an actual controversy, possible of redress by a favorable judicial decision, must exist. *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002). Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. *Spencer*, 523 U.S. at 7-8, 118 S.Ct. at 983. By contrast, challenges to a the execution of a sentence that has already been served will not be presumed. *Spencer*, 523 U.S. at 12 - 14, 118 S.Ct. at 985-986.

In the instant case, Mr. Hough is no longer incarcerated and challenges the execution of his sentence. Consequently, Mr. Hough's petition requesting reinstatement of his good conduct time is moot because he has been released from federal custody. Once Mr. Hough served his entire term of imprisonment, and was released upon its completion, his good time credits ceased to have any effect "either

to shorten the period of supervision or to shorten the period of imprisonment which the inmate may be required to serve for violations of parole or mandatory release." 28 C.F.R. § 2.35(b)(2012); *see also* 28 C.F.R. § 523.2(c).  As such, his release eliminates the court's ability to grant him any relief.  Under these circumstances, Mr. Hough cannot demonstrate any continuing collateral consequences or injury now that he has been released.  As no live controversy remains, Mr. Hough' Petition for Writ of Habeas Corpus will be dismissed as moot.  *See Scott v Schuylkill FCI*, 298 Fed. Appx. 202 (3d Cir. 2008).

   An appropriate Order follows.


                <u>/s/ A. Richard Caputo</u>
                **A. RICHARD CAPUTO**
                **United States District Judge**

**Date: December 16, 2014**